GILBRIDE, TUSA, LAST & SPELLANE, LLC
Todd. S. Sharinn (CT 419121)
Jesse J. Levitt (CT 441268)
31 Brookside Drive
Greenwich, CT 06830
Telephone: (203) 622-9360
Facsimile:  (203) 622-9392
tss@gtlslaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ---------------------------------------------------x | : | **Civil Action No.:** |
| **Convention Nation, Inc.** | : | |
| | : | |
| **Plaintiff,** | : | **VERIFIED COMPLAINT** |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Live Nation Worldwide, Inc.** | : | |
| | : | |
| **Defendant.** | : | |
| ---------------------------------------------------x | | |

  Plaintiff Convention Nation, Inc. ("Convention Nation") by and through their attorneys alleges as and for their Complaint against Live Nation Worldwide, Inc. ("Live Nation") as follows:

**NATURE AND BASIS OF ACTION**

  1. This is an action for trademark counterfeiting, trademark infringement, and unfair competition, false designation of origin, false advertising, passing-off arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 and the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-154 (July 2, 1996), Connecticut unfair trade practices

pursuant to C.G.S.A. §§ 42-110b *et seq*., and for unfair competition, unjust enrichment and conversion under Connecticut common law.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b), the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq*., and the Lanham Act, 15 U.S.C. §§1125 *et seq*.

3.      This Court has supplemental jurisdiction over Convention Nation's state and common law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant in that they transact business in the State of Connecticut.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that Defendant is a corporation subject to personal jurisdiction in this judicial district.

## THE PARTIES

6.      Plaintiff Convention Nation is a corporation organized and existing under the laws of the State of Connecticut, having its principal place of business at 385 Southeast Road, New Hartford, Connecticut 06057.

7.      Defendant Live Nation is a corporation organized and existing under the laws of the State of Delaware that transacts business within the State of Connecticut and throughout the United States, having its principal place of business at 9348 Civic Center Drive, Beverly Hills, California 90210. Live Nation is actively engaged in the unauthorized use of Convention Nation's trademark on and in connection with their marketing, offering for sale and sale of goods and services throughout the United States and within the State of Connecticut and this Judicial District.

2

## BACKGROUND FACTS

### WOMEN NATION

8.     Convention Nation created and launched an innovative and progressive community of women business owners that provides an online searchable database of ratings, reviews and referrals relating to woman owned businesses and the goods and services offered for sale and sold by such businesses on October 14, 2017.

9.     Convention Nation conducts, among other things, business leaderships classes, workshops, seminars and business networking conferences and events through virtual domains and at brick and mortar venues that provide women, women owned businesses and sponsors with information and opportunities to learn and discuss their businesses and commercial endeavors from members, sponsors, dignitaries and invited speakers and guests (the "Women Nation Services").

10.     The Women Nation Services have been marketed, provided, offered for sale and sold under and in connection with Convention Nation's well-established WOMEN NATION® trademark (US Registration No. 5,707,368) since as early as October 14, 2017 (**Exhibit A**).

11.     Due to economic constraints, Convention Nation suspended and dissolved its business on May 5, 2019, in an effort to save funds and to determine its future; Convention Nation always maintained the intention of returning stronger and more determined to support women owned businesses.

12.     In the best interest of Convention Nation's future and in an effort to preserve Convention Nation's trademarks, on May 5, 2019 Convention Nation assigned its entire right, title and interest in and to, *inter alia*, the WOMEN NATION® trademark to its President and Chief Executive Officer, Kim Estep ("Mrs. Estep"). *See* **Exhibit B**.

13.     Convention Nation re-formed as a Corporate entity on September 17, 2020, with renewed interest, energy, and resources to return to its mission of assisting woman entrepreneurs and women owned business.

14.     On September 18, 2020 Mrs. Estep assigned, *inter alia*, the WOMEN NATION® trademark to the re-formed Convention Nation. *See* **Exhibit C**.

15.     Convention Nation immediately picked up where they left off in May of 2019, announcing its plans to host an online Facebook Live networking event, "Live Business And Personal Finances" on October 21, 2020. *See* **Exhibit D**.

16.     Convention Nation has and continues to invest substantial time and resources to establish and market Convention Nation and its services under and in association with its WOMEN NATION® trademark and has vigorously promoted Convention Nation and its services under the WOMEN NATION® trademark throughout the United States.

17.     As a result of these efforts and the extensive use, the WOMEN NATION® trademark has acquired substantial goodwill and value as a source identifier of Convention Nation and its services.

18.     The registration of the WOMEN NATION® trademark is valid, unrevoked and uncancelled. The registration of the WOMEN NATION® trademark constitutes *prima facie* evidence of its validity and conclusive evidence of Convention Nation's exclusive right to use the WOMEN NATION® trademark in commerce in connection with the services named therein, and commercially relatable services.

19.     The registration of the WOMEN NATION® trademark also constitutes constructive notice to Live Nation of Convention Nation's ownership and exclusive rights in and to the WOMEN NATION® trademark.

20.     To date, Convention Nation has expended hundreds of thousands of dollars in advertising and promoting Convention Nation and its services under and in connection with the WOMEN NATION® trademark.

21.     Convention Nation employs a robust interactive social media campaign throughout the United States to promote Convention Nation and its services under and in connection with the WOMEN NATION® trademark, using, *inter alia*, Facebook®, Instagram®, and Twitter®. *See* **Exhibit E, F,** & **G**.

22.     Convention Nation is the owner of all rights, title and interest in and to the following domain names:

- <http://www.thewomannation.com>,
- <http://www.womannation.biz>,
- <www.womannation.com>,
- <http://www.womannation.net>,
- <http://www.womannation.org>,
- <http://www.womennations.com>,
- <http://www.womennation.com>,
- <http://www.womennation.org>,
- <http://www.womennations.com>,
- <http://www.womennation.biz>,
- <http://www.womennationco.com>,
- <http://www.womennation.live>,
- <http://www.mywomennation.com>,
- <http://www.womennationtoday.com>,

- <www.womennationtv.com>,

- <http://www.womennationus.com>,

- <http://www.womennation.life>,

- <http://www.womennation.country>,

- <http://www.womennation.co>,

- <http://www.womennationfund.com>,

- <http://www.womennation.fund>,

- <http://www.womennationfunds.com>,

- <http://www.thewomennationfund.com>,

- <http://www.womennation-fund.com>,

- <http://www.womennationfund.co>,

- <http://www.womannationfund.com>, and

- <http://www.womennationfunding.com>

(collectively, as the "Women Nation Domain Names").

23.     Each of the Women Nation Domain Names link directly to Convention Nation's website. *See* **Exhibit H**.

24.     As a result of Convention Nation's substantial marketing efforts, the WOMEN NATION® brand is recognized by consumers as a community of female entrepreneurs and leaders with high quality services.

25.     Convention Nation marks all services and marketing materials in accordance with and subject to the United States Trademark Laws, and most specifically 15 U.S.C. § 1111, which constitutes actual and constructive notice to Live Nation of Convention Nation's ownership and exclusive rights in and to the WOMEN NATION® trademark.

**DEFENDANT LIVE NATION**

26.     Live Nation boasts, *inter alia*, that they are "the world's leading live entertainment company… privileged to work with artists to bring their creativity to life on stages and around the world." *See* **Exhibit I**.

27.     Moreover, Live Nation asserts that they bring "40,000 shows and 100+ festivals to life" and sell "500 million tickets per year… made possible by their 44,000 employees worldwide." *See Id.*

**DEFENDANT'S INTERACTIONS WITH CONVENTION NATION**

28.     In or around the end of January 2020, Mrs. Estep, Convention Nation's President and Chief Executive Officer, was approached, via telephone call, by a broker offering to purchase the WOMEN NATION® trademark from Convention Nation.

29.     On February 13, 2020, Mrs. Estep responded to the broker explaining that she had finally had the opportunity to discuss the proposed offer with her lawyer and that she could not sell the WOMEN NATION® trademark in good faith since she recently learned of an unauthorized use of the mark dating back to mid-2018. **Exhibit J**.

30.     On February 25, 2020, the broker responded that his client would like to continue the discussion and requested Mrs. Estep's lawyer's information for his client to reach out to counsel directly. **Exhibit K**.

31.     On February 26, 2020, Chris Varas, counsel for Live Nation reached out to Convention Nation's counsel to set up a time to speak regarding Convention Nation's WOMEN NATION® trademark. **Exhibit L**.

32.     Between February 26, 2020 and April 3, 2020, counsel for Live Nation and Convention Nation negotiated for the sale of the WOMEN NATION® trademark through various emails and telephone calls.

33.     On March 5, 2020, the parties agreed not to file a court action against the other party for infringement or related causes of action or for declaratory judgment seeking non-infringement, or to take any action that could degrade or erode the value of Convention Nation's rights in and to the WOMEN NATION® trademark.

34.     On or around April 3, 2020, Live Nation ceased to participate in the negotiations between the parties and to this day Live Nation has not reached out to Convention Nation or its counsel regarding the resumption of the negotiations.

## DEFENDANT'S INFRINGING ACTS

35.     On or around May 31, 2018, Live Nation launched its "Women Nation Fund" which Live Nation defines as "a global, early-stage fund investing in female-founded live music businesses. Its purpose is to provide access to capital for underrepresented female entrepreneurs in the Concert Promotions, Events and Festival space." **Exhibit M**.

36.     Long after Convention Nation's creation, selection, adoption, use and marketing of Convention Nation's brand WOMEN NATION® and its services under and in connection with its WOMEN NATION® trademark, Defendant, without authorization or license from Convention Nation, has and continues to knowingly and willfully use the WOMEN NATION® trademark on, in, and in connection with Defendant's unauthorized copy of the WOMEN NATION® trademark (the "Infringing Mark") through, among other things, Defendant's operation and maintenance of their website located on the World Wide Web at <https://womennationfund.livenation.com/>. *See Id.*

37.     Defendant causes confusion and deceives the public by using an identical counterfeit of Convention Nation's registered WOMEN NATION® trademark for use on and in connection with identical, or at the very least, closely related services to the Women Nation Services offered under and in connection with the WOMEN NATION® trademark and relying on a confusingly similar web identity as the Women Nation Domain Names.

38.     Defendant continued to unlawfully use the WOMEN NATION® trademark on and in connection with Defendant's website, fully aware of Convention Nation's rights in and to the WOMEN NATION® trademark and its associated goodwill, as made evident by Live Nation's failed attempt at purchasing the WOMEN NATION® trademark in early February 2020.

39.     In fact, Defendant has intentionally, willfully and wantonly used unauthorized, infringing and counterfeit copies of Convention Nation's WOMEN NATION® trademark on its website in reckless disregard of the prevailing laws governing such use and knowledge of Convention Nation's rights in and to the same. *See Id*.

40.     Moreover, shortly after Live Nation engaged Mrs. Estep in negotiations to purchase the WOMEN NATION® trademark, Live Nation filed a trademark application with the United States Patent and Trademark Office ("USPTO") designated by the USPTO as Serial Number 88/805,797 for WOMEN NATION on February 21, 2020, all in spite of the parties mutual promises to forbear from taking any actions that could affect the breath, enforceability, and/or value of the WOMEN NATION® trademark. **Exhibit N**.

41.     The application to register the Infringing Mark with the USPTO covers services in international class 036 for:

   Business incubator services, namely, providing, facilitating and arranging for financing, equity capital investment and debt investment and providing strategic financial advisory

services to emerging and start-up companies and entrepreneurs; venture capital and investment services, namely, providing financing to emerging and start-up companies and entrepreneurs, funds investment consultation, investment management.

*See Id.*

42.     On or around May 4, 2020, the USPTO sent an office action in response to the application for the Infringing Mark refusing registration, finding that there would be a "likelihood of confusion" between the applied-for mark and Convention Nation's WOMEN NATION® trademark. **Exhibit O**.

43.     Specifically, the USPTO found that the marks were "identical in appearance, sound and meaning, and have the potential to be used … in the exact same manner." Moreover, the USPTO determined that because the marks are identical, "they are likely to engender the same connotation and overall commercial impression" when considered in connection with each party's respective services. *See Id.*

44.     Further, the USPTO concluded that because the marks are confusingly similar and because the marks refer to closely related, if not the same services, consumers would be likely to mistakenly believe that the goods and/or services emanate from a single source. *See Id.*

45.     Defendant's infringing use of the WOMEN NATION® trademark on or in connection with Defendant's services can only result in further harm to Convention Nation, its reputation and goodwill.

46.     Defendant is not and has never been authorized to promote, provide, offer for sale or sell any services under or in connection with Convention Nation's WOMEN NATION® trademark or any counterfeit or infringing derivatives thereof.

47.     Defendant's services, which are offered under and in connection with Convention Nation's WOMEN NATION® trademark, are advertised, promoted, provided, offered for sale and sold in and to the same consumers and clients and in the same channels of trade in which Convention Nation markets its Women Nation Services in and to.

48.     Defendant has and continues to purposefully, actively and voluntarily promote, offer for sale and sell their services under and or in connection with the WOMEN NATION® trademark throughout the United States, including within the State of Connecticut and this Judicial District despite Defendant's:

- knowledge of the Convention Nation's WOMEN NATION® trademark and lack of authorization or consent from Convention Nation to continue to use the WOMEN NATION® trademark; and

- prior notice of the WOMEN NATION® trademark, the status of its underlying registration, and its value as a strong source identifier for Convention Nation.

49.     By such acts, Defendant has injured Convention Nation and is liable to Convention Nation for infringement of the WOMEN NATION® trademark.

50.     The long term damage to Convention Nation's business is impossible to determine at this point. However, unless and until Defendant is stopped, Convention Nation and the WOMEN NATION® trademark and its associated valuable goodwill will continue to suffer irreparable harm.

## COUNT I

## FEDERAL TRADEMARK COUNTERFEITING and INFRINGEMENT
## (15 U.S.C. § 1114)

51.     Convention Nation repeats and realleges the allegations of paragraphs 1 through 50 as if fully set forth herein.

52.     The WOMEN NATION® trademark and the goodwill of the business associated with it in the United States is of great and incalculable value and has become associated in the public's mind with services of the highest standard and reputation finding their source in Convention Nation.

53.     Without Convention Nation's authorization or consent, and having knowledge of Convention Nation's prior rights in and to the WOMEN NATION® trademark, Defendant has promoted, offered for sale and/or sold services under and in connection with the WOMEN NATION® trademark to the consuming public in competition with Convention Nation's use of the WOMEN NATION® trademark, in or affecting interstate commerce.

54.     Defendant's use of the WOMEN NATION® trademark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the services, and is likely to deceive the public into believing the services being sold by Defendant originate from, are associated with, or are otherwise authorized by Convention Nation all to the damage and detriment of Convention Nation's reputation, goodwill and sales.

55.     Convention Nation has no control over the quality of the services provided by Defendant. Because of the high likelihood of confusion as to the source of the services, Convention Nation's reputation and valuable goodwill in the WOMEN NATION® trademark is at the mercy of Defendant's willful and unscrupulous tactics.

56.     Convention Nation has been and continues to be damaged by Defendant's infringing use of the WOMEN NATION® trademark.

57.     Convention Nation has no adequate remedy at law and, if Defendant's activities are not immediately enjoined, Convention Nation will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT II

## UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING
## (15 U.S.C. § 1125(a))

58.     Convention Nation repeats and realleges the allegations of paragraphs 1 through 57 as if fully set forth herein.

59.     The services offered by Live Nation in association with their infringing use of the WOMEN NATION® trademark are of the same nature and type as the Women Nation Services and as such, likely to cause confusion to the general purchasing public.

60.     By misappropriating and using the WOMEN NATION® trademark, Defendant's misrepresent and falsely describe to the general public the origin and source of Defendant's services and create a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such services.

61.     Defendant's unlawful, unauthorized, and unlicensed use of the WOMEN NATION® trademark in connection with the promotion, offering for sale and/or sale of services creates express and implied misrepresentations that the services were created, authorized, provided or approved by Convention Nation, all to Defendant's profit and Convention Nation's damage and injury.

62.    Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendant's use of the WOMEN NATION® trademark in connection with their sale of services in interstate commerce constitutes a false designation of origin and unfair competition.

63.    Convention Nation has no adequate remedy at law, and if Defendant's activities are not immediately enjoined, Convention Nation will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT III

## FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125 (C))

64.    Convention Nation repeats and realleges the allegations of paragraphs 1 through 63 as if fully set forth herein.

65.    Defendant's unlawful, unauthorized, and unlicensed use of the WOMEN NATION® trademark in connection with the promotion, offering for sale and/or sale of services dilute the distinctive quality of the WOMEN NATION® trademark, and was done with the willful intent to trade on Convention Nation's reputation and/or to cause dilution of the WOMEN NATION® trademark.

66.    Defendant's unauthorized use of the WOMEN NATION® trademark was done with notice and full knowledge that such promotion, sale, and/or offer for sale was not authorized or licensed by Convention Nation.

67.    Defendant's aforesaid acts are in knowing and willful violation of Convention Nation's rights under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

68.     Convention Nation has no adequate remedy at law and, if Defendant's activities are not enjoined, will continue to suffer irreparable harm and injury to Convention Nation's goodwill and reputation.

69.     As a result of Defendant's activities, Convention Nation has been damaged in an amount to be ascertained, but no less than $1,000,000.00.

## COUNT IV

### UNFAIR TRADE PRACTICES UNDER CONNECTICUT LAW
### (C.G.S.A. § 42-110B *et seq.*)

70.     Convention Nation repeats and realleges the allegations of paragraphs 1 through 69 as if fully set forth herein.

71.      Defendant, without Convention Nation's authorization or consent, and having knowledge of Convention Nation's prior rights in and to the WOMEN NATION® trademark, have promoted, offered for sale and/or sold services under and in connection with the WOMEN NATION® trademark to the consuming public in direct competition with Convention Nation's use of the WOMEN NATION® trademark.

72.     Defendant's use of the WOMEN NATION® trademark is likely to cause and is causing confusion, mistake and deception among the general purchasing public into believing the services offered by Defendant originate from, are associated with, or are otherwise authorized by Convention Nation.

73.     The aforesaid acts of Defendant constitutes unfair methods of competition and unfair deceptive acts and practices in the conduct of commerce and are likely to cause injury and have cause injury to Convection Nation's business reputation, the WOMEN NATION® trademark and the valuable goodwill associated therewith at no cost to Defendant and in

violation of Connecticut's Unfair Trade Practices Act, Connecticut General Stat. Annotated § 42-1110b, *et seq*.

74.     Convention Nation has no adequate remedy at law and if Defendant's activities are not enjoined, Convention Nation will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT V

## UNFAIR COMPETITION UNDER CONNECTICUT COMMON LAW

75.     Convention Nation repeats and realleges the allegations of paragraphs 1 through 74 as if fully set forth herein.

76.     Convention Nation has built up valuable goodwill in the WOMEN NATION® trademark and its genuine services.

77.     Defendant's use of the WOMEN NATION® trademark is likely to and does permit Defendants to palm off value and goodwill associated with the WOMEN NATION® trademark, all to the detriment of Convention Nation and the unjust enrichment of Defendant.

78.     Defendant, with full knowledge of Convention Nation's prior rights in and to WOMEN NATION® trademark, intended to and did trade on the goodwill associated with the WOMEN NATION® trademark and has misled and will continue to mislead the public into assuming a connection between Convention Nation and Defendant by Defendant's promotion, sale and/or providing of services in connection or association with the WOMEN NATION® trademark.

79.     Defendant's unauthorized use of the WOMEN NATION® trademark has caused and is likely to continue to cause Convention Nation damage by tarnishing the valuable reputation associated with Convention Nation and its genuine services.

80.     The acts of Defendant, which permit and accomplish confusion, mislead and deceive the public as to the source of Defendant's services, permit and accomplish palming off of Defendant's services as those of Convention Nation and falsely suggest a connection with Convention Nation, constitute acts of unfair competition with Convention Nation in violation of the laws of the State of Connecticut.

81.     Unless enjoined by this Court, Defendant's acts have caused and will continue to cause Convention Nation irreparable harm. Convention Nation has no adequate remedy at law.

## COUNT VI

## COMMON LAW UNJUST ENRICHMENT UNDER CONNECTICUT LAW

82.     Convention Nation repeats and realleges the allegations of paragraphs 1 through 81 as if fully set forth herein.

83.     Convention Nation has built up valuable goodwill in the WOMEN NATION® trademark and its genuine services.

84.     Defendant's use of the WOMEN NATION® trademark is likely to and does permit Defendant to palm off their services as those of Convention Nation, all to the detriment of Convention Nation and the unjust enrichment of Defendant.

85.     The aforesaid acts of Defendant constitute misappropriation of Convention Nation's labor, intellectual property, business reputation, and other valuable goodwill associated therewith at no cost to Defendant resulting in Defendant unfairly benefiting from the same in violation of the common law of the State of Connecticut.

86.     The aforesaid acts of Defendant are unjustly enriching Defendant.

87.     The conduct of Defendant has caused injury to Convention Nation.

17

88.     Convention Nation has been damaged and continues to be damaged as a result of the foregoing actions of Defendant in an amount that cannot yet be determined.

## COUNT VII

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

89.     Convention Nation repeats and realleges the allegations of paragraphs 1 through 88 as if fully set forth herein.

90.     Through their prior negotiations, Defendant knew of Convention Nation's business relationships.

91.     Upon information and belief, Defendant intentionally, maliciously, and without justification acted to deprive Convention Nation of its existing business relationships by misappropriating and misusing the WOMEN NATION® trademark.

92.     Defendant's interference was wrongful and tortious.

93.     As a result of the tortious interference by Defendant, Convention Nation has suffered and will continue to suffer severe and irreparable damages. Convention Nation has no adequate remedy at law.

**WHEREFORE,** Convention Nation prays that this Court enters an Order and Judgment holding that:

A.     The Infringing Mark is an unauthorized counterfeit copy of Convention Nation's registered WOMEN NATION® trademark; and

B.     Defendant's unauthorized use of the Infringing Mark in commerce is a violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 and the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-154 (July 2, 1996); and

C.      Defendant's use of the WOMEN NATION® trademark infringes Convention

Nations WOMEN NATION® trademark; and

D.      Defendant's infringement of the WOMEN NATION® trademark has, and

continues to be wanton, reckless and willful, and will continue and is thus enjoined by this Court;

and

E.      Defendant's infringement is malicious, and will continue and is thus enjoined by

this Court; and

F.      Defendant's infringement is intended to and does unfairly and inequitably

interfere with Convention Nation's quiet enjoyment of the WOMEN NATION® trademark and

the goodwill and reputation earned by Convention Nation in connection therewith in this Judicial

District and throughout the United States, and unfairly and deceptively competes with and

induces unfair and deceptive competition of the WOMEN NATION® trademark within the

meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as unfair trade

practices pursuant to C.G.S.A. §§ 42-110b *et seq.*, unfair competition, unjust enrichment, and

conversion under the common laws of the State of Connecticut; and

G.      Defendant's deceptive acts and practices involve public sales activities of a

recurring nature;

H.      Defendants and its officers, agents, servants, employees, attorneys and all persons

in privity, concert or participation with them, directly or indirectly, be permanently enjoined and

restrained:

> I.      from using in any manner, either directly or indirectly, any reproduction,
>
> counterfeit, copy or colorable intimation of the WOMEN NATION®
>
> trademark in connection with the promotion, offering for sale, or sale of

any services not authorized by Convention Nation anywhere in the world, or otherwise;

II.   from using in any manner the WOMEN NATION® trademark, alone or in combination with any word, symbol or picture that so resemble the trademark or original work as to be likely to cause confusion, deception, or mistake on or in connection with the promotion, offering for sale, or sale of any services not authorized by Convention Nation to be sold in connection with the WOMEN NATION® trademark;

III.   from passing off, inducing, or enabling others to sell or pass of any service as and for services offered by Convention Nation, not Convention Nation's or not provided under the control and supervision of Convention Nation and approved by Convention Nation for sale under or in connection with the WOMEN NATION® trademark or confusingly similar imitations thereof;

IV.   from committing any acts calculated to cause purchasers to believe that the services offered by Live Nation are those sold and offered under the control and supervision of Convention Nation, or sponsored or approved by, or connected with, or guaranteed by, or provided under the control and supervision of Convention Nation;

V.   from further diluting and infringing the WOMEN NATION® trademark and damaging Convention Nation's goodwill, business reputation and distinctive quality associated with, attached to or otherwise part of the WOMEN NATION® trademark;

20

VI.    from providing, promoting, offering for sale, and/or sale of, in any

manner, services not provided by or for Convention Nation, nor authorized

by Convention Nation to be sold or offered for sale, and which are

provided, promoted, offered for sale and/or sold under or in connection

with the WOMEN NATION® trademark;

VII.   from using false description or representation including words or other

symbols tending to falsely describe present Defendant's services as being

those offered by Convention Nation or sponsored by or associated with

Convention Nation;

VIII.  from making any false description or representation relating to the origin

or nature of the Defendant's services, including any unauthorized use of

the WOMEN NATION® trademark or any representations that

Defendant's services are services of, or are sponsored by or associated

with Convention Nation; and

IX.    from otherwise competing unfairly with Convention Nation in any

manner; and

I.     Defendant be required upon service of this Complaint to immediately produce to

Convention Nation copies, or originals for copying, of any circulars, labels, signs, prints,

wrappers, pouches, receptacles, advertising matter, promotional and other materials in the

possession of Defendant or under its control bearing the WOMEN NATION® trademark, alone

or in combination with any words or designs, or used in connection with the advertising, offering

for sale of sale of services not Convention Nation's, or not provided under the authorization and

control of Convention Nation;

J.     Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Convention Nation a written report under oath setting forth in detail the manner in which Defendant has complied with paragraphs F through G, *supra*;

K.     Defendant accounts for and pay over to Convention Nation profits realized by Defendant by reason of Defendant's unlawful acts herein alleged and, that the amount of damages for infringement of the WOMEN NATION® trademark be increased by a sum not exceeding three times the amount thereof as provided by law;

L.     Convention Nation be awarded actual damages of $1,000,000.00 and punitive damages in the amount of $3,000,000.00 since Live Nation's infringing conduct was willful and intentional;

M.     Convention Nation be awarded statutory damages in the amount of $2,000,000.00 for Defendant's willful counterfeiting of the WOMEN NATION® trademark;

N.     Convention Nation be awarded reasonable attorney's fees, costs and expenses, and have such other and further relief as this Court may deem equitable, including but not limited to any relief set forth under the 1946 Trademark Act, as amended and/or C.G.S.A. §§ 35-11(i) and §§ 42-110b *et seq.*;

O.     Defendant to pay exemplary or punitive damages to Convention Nation due to Defendant's willful and intentional acts in violation of Convention Nation's rights and Defendant's false representations to and deception of the public to foster the belief that the services offered by Live Nation are those of Convention Nation's; and

P.     Such other and further relief as the Court deems to be reasonable.

## JURY DEMAND

Pursuant to Federal Rule 38(b), Plaintiff Convention Nation, Inc. hereby demands a jury

trial on all issues so triable that are raised by this Complaint.


Dated: September 26, 2020                    Respectfully submitted,


                                             **GILBRIDE, TUSA LAST & SPELLANE LLC**
                                             *Attorneys for Plaintiff*


                                             By:_____
                                                   Todd S. Sharinn
                                                   Jesse J. Levitt
                                                   31 Brookside Drive
                                                   Greenwich, CT 06830
                                                   Telephone: (203) 542-8418
                                                   Facsimile: (203) 622-9392
                                                   tss@gtlslaw.com

23

**VERIFICATION:**

I, KIM ESTEP, as CONVENTION NATION, INC.'s President and Chief Executive Officer, verify the truth and accuracy of the statements and claims presented in this Complaint under penalty of perjury.

CONVENTION NATION, INC.

Kim Estep, President & CEO

**Oath**

State of Connecticut: Burlington

County of Hartford
September 24, 2020

     Personally appeared Kim Estep, on behalf of Convention Nation, Inc., and made oath to the truth of the matters contained in foregoing Complaint, before me

Notary Public

Dianne M. Dvorak, Notary Public
State of Connecticut
My Commission Expires 05.31.2022

24